**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2022 MSPB 33**

Docket No. DE-0752-13-1551-I-1

**Robert C. Marcell,**

**Appellant,**

**v.**

**Department of Veterans Affairs,**

**Agency.**

September 23, 2022

Ashley Leonard, Esquire, Salt Lake City, Utah, for the appellant.

Chau Phan, Salt Lake City, Utah, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## OPINION AND ORDER

¶1    The appellant has filed a petition for review of the initial decision, which sustained the charge of threatening bodily injury to agency employees, found that the appellant did not prove his retaliation claims, and affirmed his removal. For the reasons discussed below, we DENY the appellant's petition for review. We AFFIRM the administrative judge's finding that the agency proved the charge. However, we VACATE the administrative judge's finding that the appellant's Family and Medical Leave Act of 1993 (FMLA) leave requests and Office of Workers' Compensation Programs (OWCP) claim constitute activity protected by 5 U.S.C. § 2302(b)(9). To the extent the appellant's retaliation claims could form

the basis for another affirmative defense, we conclude he has not proven these claims and thus a different outcome is not warranted. Finally, we AFFIRM the administrative judge's finding that the removal penalty is reasonable based on the sustained misconduct.

BACKGROUND

¶2     The relevant background information, as recited in the initial decision, is generally undisputed. Initial Appeal File (IAF), Tab 43, Initial Decision (ID). The appellant was employed by the agency as a Legal Administrative Specialist. ID at 2. In 2012 and 2013, he took FMLA leave to care for his parents and, later, to care for his own medical condition. *Id.* After he returned to work in April 2013, the appellant sustained an injury when walking in to work, and he submitted a claim for OWCP benefits. ID at 2-3; IAF, Tab 23 at 43-44. On June 25, 2013, the appellant's supervisor notified him that he was required to report for work on June 27, 2013.[1] ID at 3. On June 26, 2013, the appellant spoke with his supervisor and the Human Resources (HR) Manager and he told them that he did not have a doctor's note releasing him to return to work the next day. The HR Manager, following up on this conversation, contacted the emergency room where the appellant went for treatment after he sustained his on-the-job injury. The HR Manager questioned an emergency room staff member about the appellant's visit there and was told that the appellant's physician, according to the notes in the system, did not approve any additional time off from work for the appellant. When the appellant was informed of this, he became angry that no one told him beforehand that they would be contacting the emergency room and he thought the communication with the emergency room employee may have violated his privacy rights and his rights under the Health

---

[1] The appellant, in connection with his OWCP-claimed injury, provided doctor's notes which excused him from returning to work until June 27, 2013. ID at 4 n.2; IAF, Tab 23 at 52.

Insurance Portability and Accountability Act. ID at 3-4. Later that same day, the appellant called the agency's Western Area office and said, "If I have to go into work tomorrow, I will probably kill someone."[2] ID at 4-5; IAF, Tab 8 at 19. The agency ordered the appellant not to return to work, notified local and agency law enforcement, and disabled the appellant's security badge. ID at 5.

¶3      The agency removed the appellant from the Federal service, effective August 9, 2013, for threatening bodily injury to agency employees. ID at 6; IAF, Tab 8 at 11-15, 19-21. The appellant timely filed this appeal and alleged, among other things, that the agency removed him in retaliation for filing FMLA leave requests and an OWCP claim. IAF, Tab 1, Tab 31 at 1. After holding the requested hearing, IAF, Tab 36, Hearing Compact Disc 1, Tab 40, Hearing Compact Disc 2 (HCD-2), the administrative judge sustained the charge and found that the appellant failed to prove his retaliation claims under 5 U.S.C. § 2302(b)(9), ID at 8-16. The administrative judge further found that the removal promoted the efficiency of the service and was within the bounds of reasonableness. ID at 16-19. The appellant has filed a petition for review and the agency has filed a response.[3] Petition for Review (PFR) File, Tabs 1, 3.

---

[2] In response to the notice of proposed removal, the appellant stated that he "may have said something that could have been interpreted as a threat," but he could not recall his statements to agency employees. IAF, Tab 8 at 17.

[3] The agency was required to file a response to the petition for review by Saturday, November 5, 2016. Petition for Review (PFR) File, Tab 2 at 1. Where, as here, the deadline falls on a weekend, the filing deadline is extended to the next business day. 5 C.F.R. § 1201.23. Thus, the agency's submission was due on Monday, November 7, 2016. The agency's response was electronically filed on Tuesday, November 8, 2016. PFR File, Tab 3. The agency did not offer any explanation for its delay. Because the agency's response was untimely filed with no good cause shown, we need not consider it. 5 C.F.R. § 1201.114(g). Nonetheless, we have reviewed the agency's response and it does not warrant a different outcome.

## ANALYSIS[4]

<u>The administrative judge properly sustained the agency's charge.</u>

¶4      In *Metz v. Department of the Treasury*, [780 F.2d 1001](), 1004 (Fed. Cir. 1986), the U.S. Court of Appeals for the Federal Circuit explained that, in deciding whether statements constitute threats, the Board is to apply the reasonable person criterion, considering the listeners' reactions and apprehensions, the wording of the statements, the speaker's intent, and the attendant circumstances. The administrative judge properly identified this standard and considered these criteria in the initial decision. ID at 10-12. Importantly, the administrative judge noted that the appellant's testimony was at odds with the testimony of agency witnesses regarding the appellant's statements during the June 26, 2013 telephone call, and he credited the testimony of the agency witnesses who said that the appellant made the statement in question. ID at 8-10 (citing *Hillen v. Department of the Army*, [35 M.S.P.R. 453](), 458 (1987)). The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, [288 F.3d 1288](), 1301 (Fed. Cir. 2002). The appellant has not identified such reasons. Indeed, the appellant does not appear to challenge the administrative judge's credibility determinations on review. Accordingly, we affirm the administrative judge's credibility determinations.

¶5      Regarding the appellant's assertion on review that he did not make a threat because his statement was conditioned on his returning to work and the agency ordered him not to return to work, PFR File, Tab 1 at 4, the administrative judge addressed this argument in the initial decision, ID at 12-13. The administrative

---

[4] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

judge noted that some threats of bodily harm, even if conditional, are per se unsettling and support a finding that they constitute a threat.  ID at 12-13.  We agree.  *See Rose v. U.S. Postal Service*, 109 M.S.P.R. 31, ¶ 26 (2007) (explaining that even conditional threats of bodily harm with a firearm are unsettling per se and support a finding that they constitute a threat).  For the reasons stated herein and in the initial decision, we agree with the administrative judge that the agency proved the charge.

We vacate the administrative judge's finding that the appellant's FMLA leave requests and OWCP claim constitute activity protected by 5 U.S.C. § 2302(b)(9), but a different outcome is not warranted.

¶6      Under 5 U.S.C. § 2302(b)(9)(A), an agency official may not take any personnel action against any employee "because of . . . the exercise of any appeal, complaint, or grievance right."  Although not raised by the appellant on review, the Board has held that an OWCP claim is not the "exercise of any appeal, complaint, or grievance right" because it does not constitute an initial step toward taking legal action against an employer for the perceived violation of an employee's rights.  *Von Kelsch v. Department of Labor*, 59 M.S.P.R. 503, 508-09 (1993), *overruled on other grounds by Thomas v. Department of the Treasury*, 77 M.S.P.R. 224, 236 n.9 (1998), *overruled by Ganski v. Department of the Interior*, 86 M.S.P.R. 32 (2000).  Although *Von Kelsch* arose in the context of an individual right of action appeal, and the appellant here has brought an appeal pursuant to 5 U.S.C. chapter 75, the Board's interpretation of 5 U.S.C. § 2302(b)(9) in *Von Kelsch* still applies.  *See, e.g.*, *Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 18 (2016) (finding that subsequent amendments to section 2302 in the Whistleblower Protection Enhancement Act of 2012 did not alter the Board's analysis in *Von Kelsch* concerning the meaning of the terms "appeal, complaint, or grievance" in 5 U.S.C. § 2302(b)(9)); *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 10 (2014) (same).  Thus, we conclude that the appellant's OWCP claim does not constitute activity falling

within the protection of section 2302(b)(9). We further find that the appellant's FMLA leave requests also are excluded from protection under 5 U.S.C. § 2302(b)(9) because they do not constitute an initial step toward taking legal action against the agency for the perceived violation of his rights. We therefore vacate the administrative judge's analysis in this regard.

¶7        The administrative judge acknowledged in the initial decision that FMLA leave requests arguably are not protected by 5 U.S.C. § 2302(b)(9)(A), but he correctly noted that the Board implied that such activity was protected in *Doe v. U.S. Postal Service*, 95 M.S.P.R. 493, ¶ 11 (2004) (finding that the appellant's retaliation claim failed because he did not show a causal relationship between the demotion action and his FMLA leave request). ID at 13 n.4. The Board in *Crump v. Department of Veterans Affairs*, 114 M.S.P.R. 224, ¶¶ 10-13 (2010), *overruled on other grounds by Savage v. Department of the Army*, 122 M.S.P.R. 612 (2015), similarly appeared to find that an OWCP claim constitutes protected activity without mentioning *Von Kelsch* or the analysis therein. We overrule *Doe* and *Crump* to the extent that they explicitly or implicitly found that FMLA leave requests or an OWCP claim constitutes protected activity under 5 U.S.C. § 2302(b)(9).

¶8        Notwithstanding our finding that the appellant's activity is not protected by 5 U.S.C. § 2302(b)(9), we have nonetheless considered his arguments to the extent that they could form the basis for another affirmative defense, such as a violation of 5 U.S.C. § 2302(b)(10), which makes it a prohibited personnel practice to "discriminate for or against any employee or applicant for employment on the basis of conduct which does not adversely affect the performance of the employee or applicant or the performance of others." On review, the appellant cites to the agency's failure to inform him of the proper procedures and the agency's poor and delayed handling of his OWCP claim as evidence of its animus against him. PFR File, Tab 1 at 6-8. Even if we assume for the purposes of our analysis that the agency harbored such animus, he has not persuasively explained

how any such animus led to the removal. Importantly, he does not challenge the administrative judge's finding that the proposing and deciding officials "credibly" testified that the appellant's FMLA leave requests and OWCP claim were not factors in their respective decisions. ID at 16. We are convinced that, given the serious nature of the charge against the appellant, the agency would have removed him in the absence of such activity. For these reasons, we find that the appellant has failed to prove that the removal was in retaliation for his FMLA leave requests or OWCP claim.

The appellant's removal was within the bounds of reasonableness.[5]

¶9    The Board will review an agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981). In the initial decision, the administrative judge discussed the deciding official's testimony concerning his penalty analysis and concluded that the removal penalty was reasonable. ID at 17-18. The appellant argues on review that the removal penalty was not reasonable because the deciding official and the administrative judge failed to consider mitigating factors, and the agency imposed the action pursuant to a zero tolerance policy. PFR File, Tab 1 at 1, 3-6. He also asserts that he was similarly situated to another agency employee who made threats repeatedly but suffered no disciplinary action. *Id.* at 8.

¶10   We have considered the appellant's argument that the administrative judge failed to adequately consider a number of mitigating factors, including, among other things, his 14 years of Federal service, "exemplary" work record, and the circumstances that led to the irate June 26, 2013 telephone call. *Id.* at 4-6. The

---

[5] Although not raised by the appellant on review, we affirm the administrative judge's conclusion that a removal action based on a threat to agency employees promotes the efficiency of the service. ID at 16-17; *Rose*, 109 M.S.P.R. 31, ¶ 30.

administrative judge noted that the deciding official considered these mitigating factors, among others. ID at 18; IAF, Tab 8 at 11-15. Thus, this argument is without merit.

¶11    The appellant also appears to assert on review that the agency failed to consider his medical condition or mental impairment. PFR File, Tab 1 at 5-6. In this regard, the appellant contends that neither the proposing nor deciding official considered the fact that he was on leave for a work-related injury at the time of the incident in question. *Id.* at 6. This assertion, however, is contradicted by the written record. IAF, Tab 8 at 12 (acknowledging in the decision letter that the appellant expressed anger regarding a perceived violation of his privacy rights by agency officials concerning his continued leave of absence due to an injury). Our reviewing court has held that "when mental impairment or illness is reasonably substantiated, and is shown to be related to the ground of removal, this must be taken into account when taking an adverse action against the employee." *Malloy v. U.S. Postal Service*, 578 F.3d 1351, 1356 (Fed. Cir. 2009). Here, however, the appellant has not sufficiently explained how his workplace injury is related to or otherwise led him to make the threat during the June 26, 2013 telephone call. Accordingly, this argument is without merit.

¶12    The agency's table of penalties shows that for a first offense of "[f]ighting, threatening, attempting or inflicting bodily injury to another [or] engaging in dangerous horseplay," the penalty ranges from reprimand to removal. IAF, Tab 27 at 75. However, the deciding official stated in the decision letter that the agency has a zero tolerance policy regarding workplace violence issues. IAF, Tab 8 at 12. In the initial decision, the administrative judge noted that when an agency imposes a removal under a zero tolerance policy without giving appropriate consideration to the relevant *Douglas* factors, the penalty determination is not entitled to deference. ID at 17 (citing *Wiley v. U.S. Postal Service*, 102 M.S.P.R. 535, ¶¶ 14-15 (2006), *aff'd*, 218 F. App'x 1001 (Fed. Cir. 2007)). The administrative judge appeared to credit the deciding official's

testimony that the agency's zero tolerance policy for workplace violence meant that it was required to address every instance of workplace violence with some type of action, though not necessarily with a removal action.[6] ID at 18-19; HCD-2 (testimony of the deciding official). The deciding official's description of the agency's zero tolerance policy does not run afoul of *Wiley* or other Board decisions because the record reflects that the deciding official considered the relevant *Douglas* factors. ID at 18-19; IAF, Tab 8 at 11-15, Tab 18; HCD-2 (testimony of the deciding official).

¶13     Finally, the appellant asserts that he was similarly situated to another employee who made threatening statements on a daily basis but that that employee suffered no disciplinary action.[7] PFR File, Tab 1 at 8. This argument is unavailing. The only evidence the appellant offers to support this assertion is the testimony of a union representative, who said that she heard another agency employee making statements such as "I'm going to kill that rater" or "I'm going to shoot the rater" on an almost daily basis. *Id.*; HCD-2 (testimony of the union representative). The union representative testified, however, that she did not take the other employee's statements seriously because the other employee made such statements all the time. HCD-2 (testimony of the union representative). Without any citation to the record, the appellant also states on review that a supervisor heard the other employee make such statements, but the supervisor laughed. PFR File, Tab 1 at 8. Even if we assume for the purposes of our analysis that the appellant's characterization of the supervisor's behavior is true, it appears that

---

[6] The appellant correctly notes in his petition for review that the deciding official testified that "threatening is removal." PFR File, Tab 1 at 4. However, we understand his testimony to mean that a threat to kill someone is at the more serious end of the spectrum of offenses in the agency's table of penalties, and would more likely result in a removal, whereas "dangerous horseplay" is a less serious offense and might only result in a suspension or reprimand. HCD-2 (testimony of the deciding official).

[7] Although somewhat unclear, the appellant appears to assert that his OWCP claim and FMLA leave requests were the basis for the differential treatment. *Id.*

the agency took the appellant's threat seriously, *supra* ¶ 2, whereas it did not take the other employee's statements seriously at all, which could explain the difference in treatment.

¶14 Ultimately, a threat to take someone's life is a serious offense. *Facas v. U.S. Postal Service*, 35 M.S.P.R. 426, 431 (1987). The Board has held that a removal based on a threat often will be within the bounds of reasonableness even if there are mitigating factors. *Rose*, 109 M.S.P.R. 31, ¶ 31; *Facas*, 35 M.S.P.R. at 430-31. The appellant has not persuaded us that the administrative judge erred when he concluded that the deciding official considered the relevant *Douglas* factors and that the removal penalty was reasonable. We therefore affirm the administrative judge's analysis in this regard.

## ORDER

¶15 This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

## NOTICE OF APPEAL RIGHTS[8]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. [5 U.S.C. § 7703](b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , [137 S. Ct. 1975](2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* [42 U.S.C. § 2000e-5](f) and [29 U.S.C. § 794a].

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. [5 U.S.C. § 7702](b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. [5 U.S.C. § 7702](b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:


/s/
_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.