**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

SHEILA WALSH,
        Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
        Agency.

DOCKET NUMBER
AT-1221-17-0746-W-1

DATE: June 2, 2023

# THIS ORDER IS NONPRECEDENTIAL[1]

Bobby R. Devadoss, Esquire, and Megan Zeller, Esquire, Dallas, Texas, for
   the appellant.

Bradley Flippin, Esquire, Nashville, Tennessee, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**REMAND ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the petition for review, VACATE the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2    The appellant is a GS-14 Human Resources Officer for the agency.  Initial Appeal File (IAF), Tab 1 at 10.  On August 29, 2017, she filed the instant IRA appeal and requested a hearing.  *Id.* at 2, 4-6.  She alleged that, in early 2017, the agency took several personnel actions against her, including a reassignment, in retaliation for protected disclosures that she had made between June and December 2016.  IAF, Tab 5 at 5-10.  After apprising the appellant of her jurisdictional burden and ordering her to file evidence and argument on the issue, IAF, Tab 3, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction on the basis that the appellant failed to show she exhausted her administrative remedies with the Office of Special Counsel (OSC), IAF, Tab 14, Initial Decision (ID).

¶3    The appellant has filed a petition for review, arguing among other things, that the administrative judge erred in her exhaustion analysis.  Petition for Review (PFR) File, Tab 1 at 14.  The agency has filed a response.  PFR File, Tab 3.

## ANALYSIS

¶4    The Board has jurisdiction over an IRA appeal if the appellant exhausts her administrative remedies before OSC and makes nonfrivolous allegation that (1) she engaged in activity protected under 5 U.S.C. § 2302(b)(8) or (b)(9)(A)(i), (B), (C), or (D); and (2) the activity was a contributing factor in the agency's decision to take, fail to take, or threaten to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A).  *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 6 (2014).  The substantive requirements of exhaustion are met when an appellant has provided OSC with sufficient basis to pursue an investigation that might lead to corrective action.  *Chambers v. Department of Homeland Security*, 2022 MSPB

8, ¶ 10. The appellant bears the burden of proving exhaustion by a preponderance of the evidence. *Diefenderfer v. Department of Transportation*, 108 M.S.P.R. 651, ¶ 28 (2008); 5 C.F.R. § 1201.57(c)(1).

¶5    In this case, we agree with the administrative judge that the protected disclosures that the appellant identified in her jurisdictional pleading do not match with the issues that she raised in her OSC whistleblower complaint. ID at 3-4. In her jurisdictional pleading, the appellant appears to have identified disclosures that (1) an agency official was blackmailing the Network Director and Deputy Director, (2) there was fraud being committed in processing recruitment and relocation incentives, (3) the agency was attempting to terminate a physician without cause, and possibly (4) an agency official physically intimidated her.[2] IAF, Tab 5 at 5-7. In her March 13, 2017 OSC whistleblower complaint, the appellant alleged that the agency retaliated against her for making three protected disclosures:

> 1. Whistleblower Retaliation for reporting Senior Executive Service (SES) officials' misconduct including: prohibited acts against [Central Alabama Health Care System (CAVHCS)] employees for absolutely no reason at all. These malicious acts were unwarranted, unjustified, illegal, and violated several Civil Rights laws, VA Handbooks, VA policies, and/or regulatory guidelines. I reported these illegal acts to the Office of Accountability and Review (OAR) and the Office of the Under Secretary of Veterans Affairs.

> 2. Whistleblower Retaliation for supporting and standing up for the employee rights of a CAVHCS' Physician who is being harassed and bullied by SES officials for filling [sic] a Workers' Compensation Claim, CA-2 Report. The submission of Worker's Compensation Claim (CA-2 Form, Notice of Occupational Disease and Claim for Compensation) to the Department of Labor (DOL) is a Federal

---

[2] The administrative judge specifically instructed the appellant to submit her jurisdictional statement in list format, but the appellant submitted a narrative account instead. IAF, Tab 3 at 7, Tab 5 at 5-10. It is therefore not entirely clear to us what she is claiming as protected disclosures and what she is claiming as retaliatory personnel actions. Nevertheless, we have fully considered the appellant's jurisdictional submissions and have attempted to construe them in the light most favorable to her. *See Luecht v. Department of the Navy*, 87 M.S.P.R. 297, ¶ 8 (2000).

> Employee's right, and therefore to retaliate against him for exercising his rights in the workplace is retaliation. Likewise, it is also retaliation for Management Officials to retaliate against me for assisting the Physician with the submission and processing of his Workers' Compensation Claim and related actions.
>
> 3. Whistleblower Retaliation for opposing unlawful discrimination. I have stood up for acts of harassment against other Service Chiefs in the facility when they were targeted by Senior Officials in [Veterans Integrated Service Network] 7 and CAVHCS.

IAF, Tab 5 at 20-21, 24. Having carefully reviewed the appellant's OSC complaint, we agree with the administrative judge that that complaint does not appear to encompass the disclosures that the appellant identified in her pleading. ID at 3-4.

¶6 Arguably, the appellant's disclosure concerning the agency's attempt to terminate a physician without cause could fall under the rubric of "prohibited acts against CAVHS' employees for absolutely no reason at all." IAF, Tab 5 at 6, 24. However, the appellant's description of this disclosure in her OSC complaint was so vague that we are unable to determine what she meant by it; she did not explain the nature of these alleged "prohibited acts" even in a general way, she did not identify the employees who were supposedly subjected to those acts, and she did not identify the alleged perpetrators beyond stating that they were in the Senior Executive Service. IAF, Tab 5 at 24. Furthermore, the disclosure date that the appellant listed in her OSC complaint does not match with the dates that she listed for the termination without cause disclosure in her jurisdictional pleading. IAF, Tab 5 at 6, 13, 24, Tab 7 at 27. In any event, even if the appellant were attempting to raise the termination without cause disclosure to OSC, we find that she did not articulate it with sufficient clarity and precision to provide OSC with a basis to pursue an investigation. *See Ellison v. Merit Systems Protection Board*, 7 F.3d 1031, 1036 (Fed. Cir. 1993).

¶7 The appellant argues on petition for review that the administrative judge's exhaustion analysis was too restrictive. She suggests that the administrative

judge could have limited the issues in this case to those contained in her OSC complaint, but "a blanket refusal to give any jurisdiction, period, is entirely incorrect." PFR File, Tab 1 at 7. As an initial matter, we again note that the appellant did not follow the administrative judge's order to list the elements of her claim in a specific format. IAF, Tab 3 at 7. She has still not done so on review. IRA appeals involving multiple disclosures and multiple personnel actions can be very complex, and an administrative judge may require that an appellant formulate her claims in a manner that will allow for a clear identification and efficient adjudication of those claims. *See Luecht v. Department of the Navy*, 87 M.S.P.R. 297, ¶ 8 (2000). Nevertheless, we have considered the alleged disclosures identified in the appellant's OSC complaint, and considering the record as a whole, we find that she has established jurisdiction over her appeal as to her disclosure regarding the workers' compensation claim.[3] IAF, Tab 5 at 24; *see Luecht*, 87 M.S.P.R. 297, ¶ 8.

¶8     The record contains a January 3, 2017 email in which the appellant disclosed that she discovered a workers' compensation incident report had been altered to change the name of the evaluating physician. IAF, Tab 7 at 14. We find that the appellant could have reasonably believed that somebody falsified this form, which in turn could have constituted a violation of 18 U.S.C. § 1001(a)(3).[4] We therefore find that the appellant made a nonfrivolous

---

[3] Regarding the "prohibited acts" disclosure, as explained above, even assuming that this disclosure was protected, the appellant's OSC complaint failed to describe it in sufficient detail to satisfy the exhaustion requirement. *Supra* ¶ 6; IAF, Tab 5 at 24. Regarding the disclosure about unlawful discrimination, not only is the appellant's description of this disclosure too vague to satisfy the exhaustion requirement, it is well settled that disclosures concerning discrimination are not covered under the Whistleblower Protection Enhancement Act and cannot serve as the basis for an IRA appeal. IAF, Tab 5 at 24; *Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 22-23.

[4] The appellant also appears to allege that she suffered retaliation for assisting this employee in filing his workers' compensation claim. IAF, Tab 5 at 24. This, however, does not constitute protected activity under the Whistleblower Protection Enhancement Act. *Marcell v. Department of Veterans Affairs*, 2022 MSPB 33, ¶ 6.

allegation that she made a protected disclosure under 5 U.S.C. § 2302(b)(8)(A). *See Rice v. Department of Agriculture*, 97 M.S.P.R. 501, ¶ 9 (2004). Subsequent email correspondence shows that the appellant's supervisor became aware of this disclosure on January 9, 2017. IAF, Tab 7 at 12-14. Shortly thereafter, on January 27, 2017, the appellant's supervisor subjected her to a reassignment, which is a personnel action under 5 U.S.C. § 2302(a)(2)(A)(iv). We find that these facts constitute a nonfrivolous allegation under the knowledge/timing test of 5 U.S.C. § 1221(e)(1) that the disclosure was a contributing factor in the appellant's reassignment. Finally, we find that the appellant's description of this disclosure to OSC was sufficiently clear to satisfy the exhaustion requirement. The appellant identified the general subject matter of the disclosure, the date of the disclosure, the recipients of the disclosure, and the details of the allegedly retaliatory reassignment with sufficient detail to allow OSC to conduct an investigation into the matter if it chose to. IAF, Tab 5 at 24-27.

## ORDER

¶9     For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.[5]

FOR THE BOARD:                              /s/ for
                                _____
                                Jennifer Everling
                                Acting Clerk of the Board
Washington, D.C.

---

[5] In the remand initial decision, the administrative judge may reincorporate prior findings as appropriate, consistent with this Remand Order.