**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| REBEKAH SHERRILL, | DOCKET NUMBER |
| Appellant, | DA-0752-22-0271-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: March 19, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Michael Johnson, Edmond, Oklahoma, for the appellant.

Theresa M. Gegen, Esquire, St. Louis, Missouri, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action based on the sustained charges of unacceptable conduct and failure to follow instructions. On petition for review, the appellant reargues her case and the facts underlying the charges; reargues facts related to her affirmative defenses; conducts her own penalty analysis and raises claims of harmful error and disparate penalties; and submits additional

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

evidence.   Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.   Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).   After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review.[2]  Except as expressly MODIFIED to correct the analytical framework applied to the appellant's Family and Medical Leave Act of 1993 (FMLA) retaliation claim, we AFFIRM the initial decision.

In the administrative judge's discussion of the appellant's claim that the agency removed her in retaliation for taking FMLA-protected leave, the administrative judge stated that such retaliation is a prohibited personnel practice under 5 U.S.C. § 2302(b) and cited *Doe v. U.S. Postal Service*, 95 M.S.P.R. 493, ¶ 11 (2004), which analyzed a claim of FMLA retaliation as protected activity

---

[2] The appellant's petition for review contains over 60 pages of documents that, for the most part, predate the close of the record before the administrative judge or are already part of the record.  Petition for Review (PFR) File, Tab 1 at 29-64.  We find that these documents are not a basis for granting the petition for review.  The Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence.  *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d).   The appellant has not alleged that any of the newly submitted documents were unavailable to her before the record closed.  To the extent that some of the documents are already in the record, they are not "new" evidence for purposes of 5 C.F.R. § 1201.115.  *See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980).  In any event, none of the documents contain information of sufficient weight to warrant an outcome different from that of the initial decision.  *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980); 5 C.F.R. § 1201.115(a)(1).

under 5 U.S.C. § 2302(b)(9), for the proposition that, to establish such a claim, the appellant must show that: (a) she engaged in protected activity; (b) she was subsequently treated adversely; (c) the deciding official had actual or constructive knowledge of the protected activity; and (d) there is a causal connection between the protected activity and the personnel action. Initial Appeal File (IAF), Tab 23, Initial Decision (ID) at 12. The administrative judge found the first three criteria satisfied but found that the appellant failed to establish a causal connection between her protected FMLA activity and her removal because, among other things, she failed to show that her supervisor was motivated by retaliatory animus related to her FMLA activity, the removal closely followed her misconduct, and the appellant acknowledged the alleged misconduct for the sustained charges. ID at 12-13. The administrative judge therefore found that the appellant failed to establish this affirmative defense. ID at 12-13.

However, after the initial decision was issued, the Board expressly overruled *Doe* in *Marcell v. Department of Veterans Affairs*, 2022 MSPB 33, ¶¶ 7-8. In *Marcell*, the Board found that FMLA leave requests are not protected activities under 5 U.S.C. § 2302(b)(9), but could form the basis for another affirmative defense, such as a violation of 5 U.S.C. § 2302(b)(10), which makes it a prohibited personnel practice to "discriminate for or against any employee or applicant for employment on the basis of conduct which does not adversely affect the performance of the employee or applicant or the performance of others." *Marcell*, 2022 MSPB 33, ¶¶ 7-8.

Accordingly, we modify the initial decision to analyze the appellant's FMLA retaliation claim under 5 U.S.C. § 2302(b)(10). However, under such an analysis we also find that the appellant did not establish that she was removed because of, or "on the basis of," her use of FMLA-protected leave. We agree with the administrative judge's observations on this issue noted above and in the initial decision, and we find that there is no evidence that the fact that the appellant took FMLA leave was part of the charges or was considered by the

deciding official.  *See* ID at 12-13; IAF, Tab 6 at 28-46.  Although some of the appellant's misconduct at issue here occurred while she was out on FMLA leave, which she stresses on petition for review, the simple fact of this alone does not establish that she was removed *because of* her FMLA leave.  *See* Petition for Review (PFR) File, Tab 1 at 7.  We also find that the appellant's numerous other allegations on review of a causal connection between her FMLA leave and her removal are unavailing, as such assertions were either not raised below or are conclusory, unsupported by the record, or not relevant to the dispositive issue here.  *See* PFR File, Tab 1 at 7-8, 23-25; *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (holding that the Board will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).  Accordingly, we find that the appellant failed to establish that the agency violated 5 U.S.C. § 2302(b)(10) by removing her on the basis of her FMLA leave.

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives this decision</u>. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board
Washington, D.C.