**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

EDWARD GREEN,
          Appellant,

v.

DEPARTMENT OF THE NAVY,
          Agency.

DOCKET NUMBER
SF-0752-20-0514-I-1

DATE: July 19, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Gary G. Singh, Esquire, Honolulu, Hawaii, for the appellant.

Yuwynn E. Ho, Esquire, and Evan Richard Gordon, Esquire, Quantico, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the agency's removal action for unacceptable conduct. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The administrative judge found that the appellant failed to prove his affirmative defense of age discrimination. Initial Appeal File (IAF), Tab 29, Initial Decision (ID) at 21-23. He further found that the agency established a nexus between the charged misconduct and the efficiency of the service and that the penalty of removal was reasonable. ID at 26-29. The parties do not challenge these findings on review, and we decline to disturb them.

The appellant argues on review that the agency wrongfully charged him with misconduct and that he did not engage in the alleged racist, sexual, and threatening acts. Petition for Review (PFR) File, Tab 1 at 1, 3. The administrative judge found that the agency proved each of the nine specifications underlying its charge of unacceptable conduct, under which the agency alleged that the appellant used racial slurs, made derogatory remarks to persons of color, made sexual jokes to coworkers, and threatened a coworker. ID at 3-20. As set forth below, we agree with the administrative judge's findings regarding the charged misconduct.

The administrative judge's findings in sustaining each of the specifications were based in large part on crediting the agency's witnesses' testimony over that

of the appellant's. *Id.* The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The Board must give "special deference" to an administrative judge's demeanor-based credibility determinations "[e]ven if demeanor is not explicitly discussed." *Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1373 (Fed. Cir. 2016). The Board may only overturn such demeanor-based credibility determinations when they are incomplete, inconsistent with the weight of the evidence, and do not reflect the record as a whole. *Faucher v. Department of the Air Force*, 96 M.S.P.R. 203, ¶ 8 (2004).

Following a video-conference hearing, the administrative judge found the appellant's testimony denying and reframing the alleged misconduct to be inconsistent, improbable, unpersuasive, and not credible. ID at 4-12, 14-15, 17-20. Instead, he credited the testimony of a Corporal, Lance Corporal, Staff Sergeant, and Sergeant, finding their testimony unequivocal, persuasive, and based on personal knowledge as percipient witnesses to the various specifications. ID at 6-20. Moreover, the administrative judge noted that their testimony was detailed, specific, consistent with earlier statements and statements of other witnesses, and not inherently improbable. *Id*.

The appellant on review merely denies engaging in the alleged misconduct. PFR File, Tab 1 at 1. He asserts that he is "not a racist or bigot." *Id*. at 3. In support of this assertion, he points to the fact that his wife and much of his family is of Asian and Pacific Islander descent, and that most of his friends are minorities. *Id*. However, the appellant has provided no evidence or argument that the administrative judge's credibility determinations were incomplete, inconsistent with the weight of the evidence, or did not reflect the record as a whole. Consequently, he has failed to identify sufficiently sound reasons for

disturbing those demeanor-based credibility determinations. *Haebe*, 288 F.3d at 1301.

The appellant additionally repeats his argument that the agency's witnesses were coerced into signing statements in support of the charged misconduct. PFR File, Tab 1 at 3. For example, he argues that the statements from different witnesses appear written by someone with a legal background, were in the same font and writing style, and appeared to include information the witnesses did not understand. *Id.* The administrative judge considered these arguments and found them unpersuasive. ID at 4-7, 9, 11, 23. The appellant offers no new evidence or argument to support this allegation and rather merely disagrees with the administrative judge's analysis. The Board will not disturb an administrative judge's findings when he considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987). Accordingly, we discern no reason to disturb the administrative judge's demeanor-based credibility determinations and thus agree that the agency sufficiently proved the charged misconduct.

The appellant also argues that the agency committed harmful procedural error by not allowing his lawyer or a union representative to be present at investigative interviews during which he was questioned about the charged misconduct. PFR File, Tab 1 at 1-2. The administrative judge considered this argument and found that the appellant was properly advised of his option to have a union representative at the interviews, but the appellant declined. ID at 23-25. The administrative judge additionally found that the appellant failed to articulate how any alleged error was harmful. ID at 25-26. We agree with the administrative judge's analysis on this issue.

An appellant bears the burden of proof to show harmful error by the agency in effecting an adverse action. *Canary v. U.S. Postal Service*, 119 M.S.P.R. 310,

¶ 9 (2013). Harmful error cannot be presumed; an agency error is harmful only when the record shows that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Id.*, ¶ 12. Regardless of whether it was error for the agency to deny the appellant's request to have his lawyer present at the interviews, the appellant has not shown how this error was harmful. *See Doe v. U.S. Postal Service*, 95 M.S.P.R. 493, ¶ 13 (2004) (finding any error in denying the presence of the appellant's attorney at an investigative interview was harmless when the appellant failed to show that the agency would not have taken the same action had his attorney been able to speak on his behalf at the interview), *overruled on other grounds by Marcell v. Department of Veterans Affairs*, 2022 MSPB 33, ¶ 7. The appellant has not alleged or explained how his attorney's presence at these interviews would have altered the outcome of the agency's action.

The appellant similarly argues that the administrative judge erred in considering his status as a bargaining unit employee in upholding the agency's action. PFR File, Tab 1 at 2. The appellant asserts that he was in fact not a bargaining unit employee, and thus was ineligible to have union representation at the investigative interviews.[2] *Id*. Regardless of whether the administrative judge erroneously found that the appellant was a bargaining unit employee, the appellant has failed to demonstrate that this error was prejudicial to his substantive rights or in any way led to an outcome different in the absence of the error.

---

[2] The appellant attaches new evidence on review purporting to show that he was not a bargaining unit employee. PFR File, Tab 1 at 5-8. Because we find that the appellant's status as a bargaining unit employee did not affect the outcome of this appeal, we find that this new evidence is not material and thus we do not consider it. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (finding the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

The appellant additionally argues that the administrative judge erred in denying all of the 12 witnesses he proffered to testify regarding his character or to impeach the testimony of the agency's witnesses. PFR File, Tab 1 at 2. The administrative judge denied these witnesses after finding that their testimony would not be relevant. IAF, Tab 18 at 2-4, Tab 20 at 1-2. An administrative judge has wide discretion under the Board's regulations to exclude witnesses when it has not been shown that their testimony would be relevant, material, and nonrepetitious. *Franco v. U.S. Postal Service*, 27 M.S.P.R. 322, 325 (1985); *see* 5 C.F.R. § 1201.41(b)(8), (10). The Board will not reverse an administrative judge's rulings on these matters absent an abuse of discretion. *Wagner v. Environmental Protection Agency*, 54 M.S.P.R. 447, 452 (1992), *aff'd*, 996 F.2d 1236 (Fed. Cir. 1993) (Table). The Board has held that, when there is no showing that a witness's character testimony would have added anything to the character information already in the record, it is not error for the administrative judge to deny the witness. *Farris v. Department of the Air Force*, 20 M.S.P.R. 547, 551 n.3 (1984). Indeed, the record contains numerous declarations attesting to the appellant's character, including written statements from several of his proffered witnesses. IAF, Tab 6 at 39-69, Tab 15 at 28-32. Moreover, the appellant had a full and fair opportunity to impeach the agency's witnesses' testimony through cross-examination. *See Hooper v. Department of the Interior*, 120 M.S.P.R. 658, ¶ 21 (2014) (finding that an administrative judge did not abuse her discretion in excluding impeachment evidence when the parties had a full and fair opportunity to impeach the witness's testimony through cross-examination). Accordingly, the appellant has failed to demonstrate that the administrative judge abused his discretion in denying the appellant's witnesses.

The appellant additionally argues that he has been subject to a hostile work environment dating back to 2004 by his direct supervisor and another individual. PFR File, Tab 1 at 3. He also appears to argue that he was erroneously not selected for a position despite being deemed qualified. *Id.* at 3-4. The appellant

did not raise these arguments below; thus, we find they are not new or material, and we decline to consider them. *See Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (finding the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.