**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MINCHIH JULIE CHEN,<br>　　　　　　Appellant, | DOCKET NUMBER<br>NY-0752-21-0066-I-1 |
| 　　　v. | |
| NATIONAL CREDIT UNION<br>　ADMINISTRATION,<br>　　　　　　Agency. | DATE:  April 16, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Elaine Fitch, Esquire, Washington, D.C., for the appellant.

Alex R. Roberson, Alexandria, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained her removal for excessive absence and absence without leave (AWOL). Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the agency proved its AWOL charge because it properly denied the appellant's leave without pay (LWOP) request, correct the analytical framework applied to the appellant's Family and Medical Leave Act of 1993 (FMLA) retaliation claim, and clarify the administrative judge's findings regarding the appellant's reasonable accommodation claim and whistleblower reprisal claim, we AFFIRM the initial decision.

## BACKGROUND

The appellant was employed as a CU-12 Credit Union Examiner with the agency. Initial Appeal File (IAF), Tab 7 at 21. From September 30 to December 12, 2019, the appellant was on FMLA-protected LWOP due to "postpartum related issues," such as depression, anxiety, and stress. *Id*. at 59-60, 62, 132-33. After exhausting her FMLA-protected leave, the appellant submitted medical notes on an almost-monthly basis stating that she needed an extension of LWOP to the following month to continue treatment for her medical conditions. *Id*. at 50-52, 57-59, 81. The agency granted the appellant's requests, and she was placed in a long-term LWOP status. *Id*. at 133-37. However, in a letter dated July 17, 2020, the appellant's supervisor requested more information regarding her ongoing absence, explaining that the agency had granted her 1,248 hours of

LWOP and it could no longer tolerate the appellant's prolonged absence, and ordered her to return to work on July 27, 2020, warning her that failure to do so may result in adverse action, including removal. *Id.* at 48-49.

The appellant responded to the letter, explaining, among other things, that she had to strictly isolate because she suffers from chronic obstructive pulmonary disease (COPD) and was at high risk for COVID-19; that the self-isolation exacerbated her depression, anxiety, and stress; and that she would probably not be able to return to work until 2021 due to COVID-19. *Id.* at 44-45. In response, the agency granted the appellant LWOP through July 31, 2020, but ordered her to return to duty on August 3, 2020. *Id.* at 40. When the appellant did not return to duty on August 3, 2020, the agency started charging her with AWOL, and then proposed her removal on October 26, 2020, based on charges of excessive absence and AWOL. *Id.* at 28-32, 137-38. After reviewing the evidence, including a medical note from the appellant stating that she could return to work in September 2021, the deciding official sustained both charges, removing the appellant effective February 15, 2021. *Id.* at 21-27, 33.

The appellant filed a Board appeal, and after holding a hearing, the administrative judge issued an initial decision affirming the removal. IAF, Tab 31, Initial Decision (ID). First, the administrative judge found that the agency proved the merits of both charges, established nexus, and established that removal was within the bounds of reasonableness. ID at 10-31. Next, with respect to the appellant's affirmative defenses, the administrative judge found that she failed to establish her claim of disability discrimination because she failed to establish that she was an otherwise qualified individual entitled to reasonable accommodation, and she failed to establish a prima facie case of disability discrimination or that her disability was a motivating factor in her removal.[2] ID at 32-43. With respect to the appellant's claim of FMLA

---

[2] The administrative judge also found that, even if the appellant had established a prima facie case of disability discrimination, the agency articulated a legitimate nondiscriminatory reason for her removal, and she had failed to establish that this

retaliation, the administrative judge found that the appellant failed to establish there was a causal connection between her invocation of FMLA-protected leave and her removal. ID at 43-45. Finally, regarding the appellant's whistleblower reprisal claim, the administrative judge found that the appellant failed to establish that she engaged in a protected activity when she requested reasonable accommodation, and she failed to establish that she made a protected disclosure in two emails sent to the deciding official on July 20, 2020, and July 31, 2020. ID at 45-49.

The appellant filed a petition for review arguing, among other things, that the agency's charges should not have been sustained[3] and that the agency failed to reasonably accommodate her and retaliated against her for whistleblowing. Petition for Review (PFR) File, Tab 9 at 18-27, 29-36. The agency filed a response in opposition to the appellant's petition for review, and the appellant replied to the response.[4] PFR File, Tabs 13-14.

---

reason was mere pretext for discrimination. ID at 43.

[3] Although the appellant's subheading in her petition for review appears to challenge the administrative judge's finding of nexus, the contents of the argument challenged the merits of the agency's charges. PFR File, Tab 9 at 24-27. Nevertheless, to the extent that the appellant challenges the administrative judge's finding of nexus, it is well established that attendance-related misconduct impacts the efficiency of the service, and thus, the agency established nexus. *See Davis v. Veterans Administration*, 792 F.2d 1111, 1113 (Fed. Cir. 1986) (finding nexus between the appellant's prolonged AWOL and the efficiency of the service because absence, by its very nature, disrupts the efficiency of the service).

[4] To the extent that the appellant argues that her rights were prejudiced because the Office of the Clerk of the Board denied her request to expand the page limit of her petition for review, we discern no reason that the appellant could not present her arguments in the limits provided in 5 C.F.R. § 1201.114(h). PFR File, Tab 9 at 9 n.1. Additionally, we acknowledge that the Board granted the appellant's motion on review to correct the hearing transcript, and the agency failed to respond to the Board's order granting the motion. PFR File, Tabs 15-16. However, because the corrections identified by the appellant were minor and typographical in nature and they do not change the substance of the transcript, we do not address this issue further. PFR File, Tab 15.

**ANALYSIS**

Although the administrative judge properly affirmed the agency's removal action, there are several points in the initial decision that require modification or clarification. First, while we find that the administrative judge properly sustained the excessive absence charge, we modify the initial decision to find that the agency proved the AWOL charge because it established that it reasonably denied the appellant's LWOP request and charged her with AWOL. Next, we modify the administrative judge's analysis of the appellant's FMLA retaliation claim because, after the initial decision was issued, the Board issued *Marcell v. Department of Veterans Affairs*, 2022 MSPB 33, ¶¶ 7-8, overruling *Doe v. U.S. Postal Service*, 95 M.S.P.R. 493, ¶ 11 (2004), upon which the administrative judge relied. ID at 44. We also clarify the basis for the administrative judge's findings with respect to the appellant's failure to reasonably accommodate claim and her whistleblower reprisal claim. In sum, because we find that the agency's charges were properly sustained, the appellant failed to establish her affirmative defenses, and she has failed to establish her claim of abuse of discretion raised on review, we affirm the agency's removal action.[5]

The agency proved its charge of excessive absence.

The administrative judge sustained the excessive absence charge, finding that the appellant's absence was due to a compelling reason beyond her control and continued for an unreasonable period of time, the agency warned her of

---

[5] The appellant also challenges the administrative judge's finding that removal was within the bounds of reasonableness. PFR File, Tab 9 at 27-29; ID at 31. The Board has long recognized that a prolonged absence with no foreseeable end constitutes just cause for removal. *New v. Department of Veterans Affairs*, 82 M.S.P.R. 609, ¶ 9 (1999) (finding removal appropriate when the appellant had been absent for over two years during a 3 1/2-year period); *McKenzie v. U.S. Postal Service*, 1 M.S.P.R. 496, 497 (1980) (finding removal appropriate when the employee failed to return to duty after 2 years of absence); *see White v. Department of Housing and Urban Development*, 95 M.S.P.R. 299, ¶ 83 (2003) (finding removal appropriate when the employee was AWOL for nearly 6 months). As further discussed below, we find that there was no foreseeable end to the appellant's absence, and we agree with the administrative judge that removal was a reasonable penalty. ID at 31.

potential adverse action if she did not become available for duty, and the agency needed the appellant's position to be filled with an employee who was available on a regular full-time or part-time basis. ID at 18-19. On review, the appellant argues that the agency did not establish that it needed her position filled because it had been able to reassign her work to other examiners without difficulty. PFR File, Tab 9 at 26-27.

As a general rule, an agency may not take an adverse action based on an employee's use of approved leave. *Combs v. Social Security Administration*, 91 M.S.P.R. 148, ¶ 12 (2002). However, an exception may exist when the following criteria are met: (1) the employee was absent for compelling reasons beyond her control so that agency approval or disapproval of leave was immaterial because she could not be on the job; (2) the absences continued beyond a reasonable time, and the agency warned the employee that an adverse action could be taken unless she became available for duty on a regular full-time or part-time basis; and (3) the agency showed that the position needed to be filled by an employee available for duty on a regular, full-time or part-time basis. *Id.*, ¶ 13; *Cook v. Department of the Army*, 18 M.S.P.R. 610, 611-12 (1984). This exception is applicable only under usual circumstances, i.e., when the employee is unable to return to duty because of the continuing effects of illness or injury. *Combs*, 91 M.S.P.R. 148, ¶ 12; *Cook*, 18 M.S.P.R. at 612.

Here, the appellant does not dispute that she was absent from work due to her medical conditions, either in an LWOP status or AWOL status, from December 13, 2019, until her removal effective February 15, 2021.[6] IAF, Tab 7 at 133-39. Accordingly, the agency has satisfied the first factor. As for the second factor, the record establishes that the agency sent the appellant a letter dated July 17, 2020, after granting her 7 months of LWOP, warning her that her

---

[6] Because an employee may not be disciplined for use of FMLA-protected leave, the agency properly refrained from including the appellant's period of FMLA-protected LWOP in its excessive absence charge. *McCauley v. Department of the Interior*, 116 M.S.P.R. 484, ¶ 11 (2011).

prolonged absence had become excessive and if she did not return to work, she could face adverse action, up to and including removal. IAF, Tab 7 at 48-49. Accordingly, we find that the agency also met the second factor by preponderant evidence.

We find that the agency established the third factor. The agency presented a significant amount of evidence with respect to the toll the appellant's absence took on the agency's operations, with each of the agency's witnesses confirming that it needed the appellant's position to be filled by someone who was available for duty and could perform the essential functions of the job. Hearing Transcript (HT) dated May 24, 2021 at 40-42 (testimony of the deciding official), 136-37 (testimony of the appellant's supervisor); HT dated June 1, 2020 at 160 (testimony of the proposing official). The deciding official and the appellant's supervisor explained that the agency was short-staffed, and the reassignment of the appellant's work caused a significant drain on the agency's resources, creating a "domino effect" within the office. HT dated May 24, 2021 at 17-18, 36-42, 85-93, 101-02 (testimony of the deciding official).

Accordingly, we find that the agency proved its excessive absence charge because it established that the appellant was absent for compelling reasons beyond her control, her absence had continued beyond a reasonable time, the agency warned her that failure to report for duty could result in adverse action, and the agency needed her position to be filled by an employee available for regular full-time or part-time duty. Thus, we find that the administrative judge correctly sustained the excessive absence charge. ID at 19.

We modify the initial decision to find that the agency proved its charge of AWOL because it reasonably denied the appellant's requested LWOP.

In the initial decision, the administrative judge found that the agency proved its charge of AWOL because the appellant was absent on the days alleged, she was not authorized to be absent, and she did not provide administratively acceptably evidence to support her absence. ID at 25. However, the pertinent

issue here is whether the agency proved that it properly denied the appellant's request for LWOP and charged her with AWOL.  When disciplinary action results because LWOP is denied, and the employee is placed on AWOL, the Board will review the circumstances to determine if the denial was reasonable.  *Joyner v. Department of the Navy*, 57 M.S.P.R. 154, 159 (1993).  When, as here, there is a medical excuse, the Board will examine the record as a whole to determine whether the agency's denial of LWOP was reasonable under the circumstances. *Id*.  The Board has found that an agency may properly deny LWOP to an employee who is incapacitated for duty and has exhausted all of her leave and there is no foreseeable end in sight to her absence and the employee's absence is a burden to the agency.  *Id*.

Regarding whether there was a foreseeable end to the appellant's absences, the return date provided by the appellant, i.e., September 2021, was almost 1 year after she submitted the letter and too remote to be considered foreseeable.  IAF, Tab 7 at 26-27, 33.  Furthermore, before providing the September 2021 return date, the appellant had submitted medical notes on a monthly basis requesting extensions of leave for approximately 1 year.  IAF, Tab 7 at 50-52, 57-60, 80-81. The Board has found that, when an appellant has repeatedly submitted medical documentation indicating that she could return to work in the future, but did not return to work when the stated date arrived, such a pattern supports a finding that there is no foreseeable end to the absence.  *See Johnson v. U.S. Postal Service*, 120 M.S.P.R. 87, ¶ 6 (2013).  Thus, the agency, for almost 1 year, had a reasonable expectation that the appellant would return at the end of each of these extensions, but she never did.  Accordingly, it is understandable that the agency would not rely upon the appellant's promise that she would, in fact, return to work in September 2021.  Finally, we note that the appellant's return to work date was based on the state of COVID-19, as her medical provider stated that it was not safe for her to return to work immediately "[g]iven that [COVID-19 was] only getting worse" and that she "had not previously given a [return to work] date due

to the unknown nature of the virus."[7]  *Id*. at 26-27, 33.  The medical provider's estimation of the state of a global pandemic in 1 year was, at best, speculation, and further calls into question the reliability of the predicted September 2021 return date.

Accordingly, given the circumstances, we do not find that there was a foreseeable end to the appellant's absence.  Furthermore, we find that the agency put forth a significant amount of evidence establishing that the appellant's absence was a burden, as it had to reassign her work which was a drain on the agency's resources, and the agency was unable to fill her position with someone who could perform the work because she occupied the billet.  HT dated May 24, 2021 at 33, 36-42, 63-64, 89-92, 101-102 (testimony of the deciding official), 133-37 (testimony of the appellant's supervisor), HT dated June 1, 2021 at 154-55, 158, 160 (testimony of the proposing official).  Thus, we modify the initial decision to find that the agency proved its AWOL charge because it established that it properly denied the appellant's request for LWOP and charged her with AWOL.

The appellant did not establish that her removal was on the basis of her
FMLA-protected leave requests.

In accordance with findings in *Doe*, 95 M.S.P.R. 493, ¶ 11, the administrative judge analyzed the appellant's claim of FMLA retaliation as protected activity under 5 U.S.C. § 2302(b)(9)(A)(ii), finding that she did not establish a causal connection between her invocation of FMLA and her removal. ID at 44-45.  However, after the initial decision was issued, the Board overruled *Doe* in *Marcell*, 2022 MSPB 33, ¶¶ 7-8, finding that FMLA leave requests were not protected activities under 5 U.S.C. § 2302(b)(9), but may be protected under

---

[7] The medical provider's recommendation that the appellant could not return to work at that time was due both to the appellant's pulmonary disease, i.e., COPD, which put her at high-risk for COVID-19, and the exacerbation of her mental health conditions as a result of having to strictly self-isolate due to COVID-19.  IAF, Tab 7 at 26-27, 33, 44-45.

5 U.S.C. § 2302(b)(10), which makes it a prohibited personnel practice for an agency to "discriminate for or against any employee or applicant for employment on the basis of conduct which does not adversely affect the performance of the employee or applicant or the performance of others."

Accordingly, while we modify the initial decision to analyze the appellant's FMLA retaliation claim under 5 U.S.C. § 2302(b)(10), we also find that the appellant did not establish that she was removed because of, or "on the basis of," her use of FMLA-protected leave. As noted by the administrative judge, the appellant was asked to justify her leave after being on long-term LWOP, well after she exhausted her FMLA-protected leave, and there is no evidence that her period of FMLA-protected leave was part of the charges or was considered by the deciding official. ID at 44-45. Accordingly, we find that the appellant failed to establish that the agency violated 5 U.S.C. § 2302(b)(10) by removing her on the basis of her FMLA leave.

The appellant did not establish her claim of disability discrimination because she is not an otherwise qualified individual with a disability.

On review, the appellant challenges the administrative judge's finding that she did not establish that the agency failed to provide her a reasonable accommodation. PFR File, Tab 9 at 18-24. Although we agree with the administrative judge's finding that the appellant failed to prove that she was an otherwise qualified individual with a disability, ID at 37, we provide additional clarification. Specifically, an agency is required to make reasonable accommodations to the known physical and mental limitations of an otherwise qualified individual with a disability unless the agency can show that the accommodation would cause an undue hardship on its business operations. *Miller v. Department of the Army*, 121 M.S.P.R. 189, ¶ 13 (2014); 29 C.F.R. § 1630.9(a). Accordingly, we find that her requested accommodation of almost 1 year of LWOP was not reasonable because it constituted an undue hardship on the agency. Here, the agency presented evidence that the appellant's absence created

significant hardship on the agency. For instance, the appellant's supervisor testified that, as a higher-grade Credit Union Examiner, the appellant was tasked with completing the larger, more complex examinations, including those that required her expertise as a subject matter expert in electronic payment systems. HT dated May 24, 2021 at 133-34 (testimony of the appellant's supervisor). The deciding official, who was also the Regional Director, explained that reassignment of an Examiner's work was often difficult because examinations of banks were scheduled well in advance, and moving work around created a "domino" effect in the office. *Id*. at 36-37, 101-02 (testimony of the deciding official). Furthermore, as the appellant was occupying a full-time equivalent, the agency could not hire another employee to fill her position and thus perform her duties. *Id*. at 90 (testimony of the deciding official). Accordingly, we find that the agency established that the appellant's requested 1 year of LWOP would be an undue hardship on the agency.[8]

Furthermore, we agree with the administrative judge that the appellant has not offered any evidence that there was a reasonable accommodation available that would have allowed her to perform the essential functions of her position. ID at 37. Thus, even assuming that the agency failed to engage in the interactive process, as alleged by the appellant, PFR File, Tab 9 at 20, this would not constitute a violation of the Rehabilitation Act because there was no reasonable accommodation available that would have allowed her to perform the essential functions of her job, *Sanchez v. Department of Energy*, 117 M.S.P.R. 155, ¶ 18 (2011) (finding that a failure to engage in the interactive process is not a per se violation of the Rehabilitation Act, unless that failure results in a failure to provide reasonable accommodation). Indeed, it appears that the appellant was unable to work at all during this time because she did not request telework, even

---

[8] While we only address the appellant's request for approximately 1 year of LWOP, the agency had already provided the appellant with 1,320 hours of LWOP, not including the FMLA-protected leave, and thus, had granted her requested accommodation for over 7 months, even though it was under no obligation to do so. IAF, Tab 7 at 30, 132-37.

though, at the time of the hearing, agency employees were still working in a remote status, which they had been in since March 16, 2020. HT dated May 24, 2021 at 31-32 (testimony of the deciding official).

A qualified individual with a disability is one who can "perform the essential functions of the . . . position that such individual holds or desires," with or without reasonable accommodation.[9] 42 U.S.C. § 12111(8). Accordingly, we clarify the initial decision to state that the appellant is not a qualified individual with a disability because the only accommodation that would accommodate her disability, i.e., 1 year of LWOP, created an undue hardship for the agency, and thus, was not reasonable under the circumstances. ID at 37.

<u>The appellant failed to establish that her removal was in reprisal for whistleblowing activities.</u>

The administrative judge denied the appellant's claim of whistleblower reprisal, finding that the appellant did not engage in a protected activity when she requested reasonable accommodation, and that she did not make a protected disclosure in her emails to the deciding official dated July 20, 2020, and July 31, 2020. ID at 46-49. On review, the appellant challenges the administrative judge's findings as they relate to her request for reasonable accommodation and her July 31, 2020 email. PFR File, Tab 9 at 30-33. Although we agree with the administrative judge's conclusions, we believe it necessary to clarify the reasons supporting these findings.

First, the administrative judge found that the appellant's request for reasonable accommodation was not a protected activity under 5 U.S.C. § 2302(b)(9), in part, because it was not a complaint "remedying a violation of

---

[9] The Board adjudicates claims of disability discrimination raised in connection with an otherwise appealable action under the substantive standards of section 501 of the Rehabilitation Act. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 35. The standards under the Americans with Disabilities Act, as amended by the American with Disabilities Act Amendments Act, have been incorporated by reference into the Rehabilitation Act and the Board applies them to determine whether there has been a Rehabilitation Act violation. *Id.*; *see* 29 U.S.C. § 791(f).

[section] 2302(b)(8)." ID at 46. However, equal employment opportunity (EEO) matters are not within the purview of the whistleblower protection statutes. *Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 10-23 (reviewing case law and legislative history in finding that EEO-related matters are not within the purview of whistleblower protection statutes), *aff'd*, No. 2022-1967, 2023 WL 4398002 (Fed. Cir. July 7, 2023). Accordingly, the appellant's request for reasonable accommodation is not a protected activity under 5 U.S.C. § 2302(b)(9).

Regarding the July 31, 2020 email, we find that the appellant did not make a protected disclosure under 5 U.S.C. § 2302(b)(8)(A). A protected disclosure is one that an appellant reasonably believes evidences a violation of any law, rule, or regulation; gross mismanagement; a gross waste of funds; an abuse of authority; or a substantial and specific danger to public health or safety. 5 U.S.C. § 2302(b)(8)(A); *see Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 6 (2016). The test to determine whether a whistleblower has a reasonable belief in the disclosure is an objective one: whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions of the agency evidenced one of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8)(A). *Salerno*, 123 M.S.P.R. 230, ¶ 6.

On review, the appellant claims that her July 31, 2020 email disclosed that she "was being punished [for] disclos[ing] evidence of an abuse of authority" and "taking protected leave." PFR File, Tab 9 at 30. The crux of the appellant's complaint in the email was that the agency was not allowing her to "practice [the agency's] work/life balance motto by taking time off needed to heal" because it was refusing to extend her LWOP again, after having already granted her LWOP for over 7 months. IAF, Tab 7 at 36-38. The appellant has not explained how this denial of LWOP constituted an abuse of authority, nor has she identified any law, rule, or regulation the agency allegedly violated by denying her LWOP

request.[10]  Furthermore, we find that a disinterested observer, with knowledge of the essential facts, would not reasonably conclude that the agency's refusal to grant an employee LWOP for an extended period of time, after already having granted the employee LWOP for many months, could constitute any wrongdoing, let alone the type of wrongdoing set forth in 5 U.S.C. § 2302(b)(8)(A). Accordingly, we find that the appellant did not make a protected disclosure.

<u>The appellant failed to establish that the administrative judge abused her discretion.</u>

On review, the appellant has asserted that the administrative judge abused her discretion by denying three witnesses she requested, and by limiting her questioning during the hearing.  PFR File, Tab 9 at 37-38.  The appellant has failed to establish that the administrative judge abused her discretion in either instance.

An administrative judge has wide discretion under the Board's regulations to exclude witnesses when it has not been shown that their testimony would be relevant, material, and nonrepetitious.  *Franco v. U.S. Postal Service*, 27 M.S.P.R. 322, 325 (1985); *see* 5 C.F.R. § 1201.41(b)(8), (10).  The appellant argues that the administrative judge should not have denied the three named witnesses because they had relevant knowledge as to the agency's workload and the appellant's workload.  PFR File, Tab 9 at 37.  Per the administrative judge's prehearing order, she denied all three witnesses at issue on the grounds of relevance, explaining that two witnesses retired several years prior to the appellant's removal, and the other witness was a co-worker with a different supervisor who was not a staffing specialist nor had any staffing responsibilities.  IAF, Tab 22 at 3-4.  Thus, it appears on its face that these witnesses were not

---

[10] To the extent that the appellant asserts that the agency violated a law, rule, or regulation because her leave was protected, PFR File, Tab 9 at 30, the appellant had been on LWOP since December 13, 2019, and had exhausted her FMLA-protected leave on December 12, 2019, IAF, Tab 7 at 133-37, and thus, there is no evidence that her leave was protected by law, rule, or regulation.

relevant, and absent a conclusory assertion that they have relevant knowledge, the appellant has presented no evidence to demonstrate that the administrative judge abused her discretion by denying these witnesses. PFR File, Tab 9 at 37.

Regarding the appellant's claim that the administrative judge improperly limited her questioning during the hearing, it is well established that an administrative judge has wide discretion to control the proceedings of an appeal, and that discretion will not be questioned absent a showing of abuse of discretion. *Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 10 (2010); 5 C.F.R. § 1201.41. Here, the appellant has not only failed to show that the administrative judge's rulings were in error, but she has also failed to explain how the disallowed questions impacted her case. Indeed, the appellant only makes the conclusory assertion that her disallowed questions were "central" and "relevant" to her case, but she fails to explain how the administrative judge's actions impacted the outcome of her case. PFR File, Tab 9 at 37-38. Accordingly, the appellant has failed to establish that the administrative judge abused her discretion in the manner in which she controlled the hearing.

## NOTICE OF APPEAL RIGHTS[11]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of

---

[11] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[12]  The court of appeals must <u>receive</u> your

---

[12] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:     _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.