**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| RESHAWN ARMSTRONG, | DOCKET NUMBER |
| Appellant, | AT-0752-23-0584-I-1 |
| v. | |
| DEPARTMENT OF JUSTICE, | DATE: March 18, 2025 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Reshawn Armstrong, Tuscaloosa, Alabama, pro se.

Candice Geller, Esquire, and Debbie Stevens, Esquire, Washington, D.C., for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
Cathy A. Harris, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which upheld the removal based on a sustained charge of failure to cooperate during an official investigation and found that the appellant did not prove her affirmative defenses. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis of the appellant's claim of reprisal for equal employment opportunity (EEO) activity, and to alternatively consider her claim of reprisal for activity protected by the Family and Medical Leave Act of 1993 (FMLA), we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

On petition for review, the appellant asserts, among other things, that the agency did not prove the charge, the agency violated her due process rights and committed harmful procedural error, the agency did not consider all of the relevant penalty factors, the administrative judge should have applied a different legal standard, and he was biased against her. Petition for Review (PFR) File, Tab 1.

We have considered her assertions regarding the administrative judge's decision to sustain specifications 2, 3, and 5 and the failure to cooperate charge.[2] Initial Appeal File (IAF), Tab 48, Initial Decision (ID) at 7-12. For example, the appellant asserts, among other things, that the testimony of agency witnesses was

---

[2] We discern no error with the administrative judge's decision not to sustain specifications 1 and 4.

"vague" and "inconsisten[t] with [the] proposal notice," and the administrative judge improperly put more weight on the agency's affidavits and the declarations than her affidavit and declaration. PFR File, Tab 1 at 22, 24.

In the initial decision, the administrative judge found the agency witnesses more persuasive than the appellant on the issue of whether she failed to cooperate. ID at 10. Notably, he stated that the answers of agency witnesses were "clear, direct, congruous, and supported by prior written statements," whereas the appellant's testimony was "unsubstantiated and conflicted with other accounts." *Id.* He found it more likely than not that the appellant deliberately attempted to delay and obstruct the investigation as described by agency witnesses, and he was not persuaded by her explanation that she refused to sign an affidavit because it was inaccurate or incomplete. *Id.* The administrative judge also found it more likely than not that the appellant returned on August 5, 2021, without the FMLA medical certifications even though she asked that the meeting be scheduled for that purpose. *Id.* The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). The appellant has not presented such sufficiently sound reasons. Accordingly, we affirm the administrative judge's decision to sustain specifications 2, 3, and 5, and the failure to cooperate charge. *See Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990) (stating that, when more than one event or factual specification supports a single charge, proof of one or more, but not all, of the supporting specifications is sufficient to sustain the charge).

On review, the appellant asserts that the administrative judge "should have also included" the but-for causation standard. PFR File, Tab 1 at 19. She explains that the agency committed prohibited personnel practices "by placing

[her] under an investigation for alleged refusal of mandates when the [a]gency already knew [she] was not to work more than 8 hours in a day per her Health Providers," the FMLA entitles her to use hours towards non-voluntary overtime, and she should not have been "placed in an unwarranted situation" to be charged with failure to cooperate. *Id.* We interpret her assertion to relate to her EEO reprisal and/or disparate treatment disability discrimination claims because the administrative judge mentioned the but-for causation standard in his discussion of the appellant's EEO reprisal claim, and he noted that the same standard applied to her disparate treatment disability discrimination claim.[3] *See* ID at 15, 17. Even if we consider her assertion regarding but-for causation standard in the context of each of these claims, a different outcome is not warranted.

Regarding her claim of disability discrimination, we acknowledge that the appellant's refusal to accept mandatory overtime shifts in April 2021, which led to the August 2021 investigation, stemmed, in part, from her medical provider's restrictions and was, therefore, at least indirectly related to her disability. Nonetheless, the Rehabilitation Act does not immunize an employee with a disability from being disciplined for misconduct in the workplace, provided that the agency would impose the same discipline on an employee without a disability. *Laniewicz v. Department of Veterans Affairs*, 83 M.S.P.R. 477, ¶ 5 (1999). The record does not reflect that the agency tolerated the sort of misconduct that the appellant committed—failure to cooperate with an official investigation—from employees who did not have a disability. Therefore, even if her misconduct was somehow related to her disability, she has not shown that it was a motivating factor in the agency's decision to remove her. Because we agree with the administrative judge that the appellant failed to show that her

---

[3] The administrative judge also noted that the but-for causation standard applies to a claim of retaliation for engaging in activity subject to the Rehabilitation Act. ID at 17 n.7. Even if we considered this alternative claim, the appellant fares no better. She was given notice of her burden to prove such a claim, IAF, Tab 32 at 6, and she has not persuaded us that retaliation for such activity was the but-for cause of the removal.

disability was a motivating factor in the removal, ID at 18-20, we do not reach the question of whether discrimination was a "but-for" cause of the removal action, *see Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-22.

Regarding her claim of reprisal for EEO activity, the appellant testified that her 2021 EEO complaint included complaints about the agency's requests for clarifying information related to her FMLA Certification(s) and her assertion on review appears to involve FMLA leave requests. IAF, Tab 43-4 (testimony of the appellant); PFR File, Tab 1 at 19. In *Marcell v. Department of Veterans Affairs*, 2022 MSPB 33, ¶¶ 7-8, the Board held that a claim of reprisal for requesting FMLA leave was not protected by 5 U.S.C. § 2302(b)(9), but it alternatively considered whether this activity was protected by section 2302(b)(10), which makes it a prohibited personnel practice to "discriminate for or against any employee . . . on the basis of conduct which does not adversely affect the performance of the employee . . . or the performance of others." The Board in *Marcell* concluded that, given the serious nature of the charge against the appellant (threatening bodily injury to agency employees), the agency would have removed him in the absence of his FMLA leave requests, among other things. *Id.*, ¶ 8. We modify the initial decision to alternatively analyze the appellant's potential claim of retaliation for FMLA activity under 5 U.S.C. § 2302(b)(10); however, a different outcome is not warranted because the record reflects that the removal for failure to cooperate in an official investigation was not because of, or "on the basis of," her FMLA leave requests or other activity.[4]

---

[4] The appellant's EEO complaint is not in the record. To the extent that the appellant's EEO activity, on which her reprisal claim is based, involved allegations of discrimination or reprisal protected by Title VII, we agree with the administrative judge that such activity was not a motivating factor in the agency's removal action. ID at 15-16. Even if we assumed for the purposes of our analysis that the EEO activity involved allegations of disability discrimination, a different outcome is not warranted because the appellant cannot meet her burden to prove but-for causation. *Pridgen*, 2022 MSPB 31, ¶¶ 44-47.

We have also considered the appellant's assertion that the agency committed harmful procedural error because it denied her request for her preferred union representative and violated her due process rights when it refused to comply with her discovery requests. PFR File, Tab 1 at 19, 26. We agree with the administrative judge that the appellant has not proven that being denied her preferred representative would have caused the agency to reach a different result in this matter. ID at 12-13. Moreover, the record reflects that the administrative judge denied the appellant's motion to compel because it did not comply with 5 C.F.R. § 1201.73(c)(1) and it was vague and conclusory. IAF, Tab 30 at 6. The appellant has not shown that the administrative judge erred in this regard.

To support her contention on review that the agency did not consider all of the relevant penalty factors,[5] the appellant states that the agency waited 712 days to remove her, and her performance appraisals were consistently "above acceptable." PFR File, Tab 1 at 22 (emphasis in original). Importantly, the deciding official considered the appellant's "acceptable" performance during her 16-year tenure at the agency, but she concluded that it did not outweigh the seriousness of her misconduct. IAF, Tab 38 at 13; ID at 21. We acknowledge that there was a lengthy delay between the August 2021 misconduct and the July 2023 removal; however, the fact of the delay does not, standing alone, warrant mitigation of the penalty. For the reasons stated in the initial decision, we agree with the administrative judge that removal was a reasonable penalty for the sustained misconduct. *See Hamilton v. Department of Homeland Security*, 117 M.S.P.R. 384, ¶ 11 (2012) (stating that removal is an appropriate penalty for failure to cooperate with an investigation); *Payne v. U.S. Postal Service*, 72 M.S.P.R. 646, 650 (1996) (stating that, when all of the agency's charges are sustained, but some of the underlying specifications are not sustained, the

---

[5] The appellant does not appear to challenge the administrative judge's nexus finding, ID at 20, and we affirm his conclusion in this regard.

agency's penalty determination is entitled to deference and only should be reviewed to determine whether it is within the parameters of reasonableness).

Finally, regarding the appellant's claim of administrative judge bias, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). We have found no evidence of such favoritism or antagonism by the administrative judge.

We have considered the appellant's remaining assertions on review, but none warrant a different outcome.[6]

## NOTICE OF APPEAL RIGHTS[7]

The initial decision, as supplemented by this Final Order, constitutes the Boards final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule

[6] For example, the appellant asserts on review that she did not give written or verbal consent for the Union to grieve or invoke arbitration. PFR File, Tab 1 at 18-19. Because the administrative judge ruled in the appellant's favor on the election of remedies issue, we need not address this argument on review.

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8] The court of appeals must <u>receive</u> your petition for

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:  _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.